UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**ANDREA WILKINSON,**

            **Appellant,**

       v.                 5:09-CV- 377 (NAM)

**ASSAF & MACKENZIE, PLLC,**

            **Respondent.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Andrea Wilkinson, as Principal of or on behalf of
Ace Holding, LLC, Appellant

Assaf & Mackenzie, PLLC
Michael D. Assaf, Esq., of counsel
427 River Street
Troy, New York 12180
Respondent

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

   Andrea Wilkinson, principal of Ace Holding LLC, the Chapter 11 debtor, filed a notice of appeal from the January 26, 2009 Order of Hon. Robert E. Littlefield, Jr., U.S. Bankruptcy Judge, in Case No. 08-11084, awarding attorney's fees and costs to Assaf & Mackenzie, PLLC ("respondent") for services provided between March and November 2008.  On April 1, 2009, the Notice of Appeal and the record were entered on the district court docket pursuant to Fed. R. Bankr. P. 8007(b).

   Ms. Wilkinson made no further submissions and on July 1, 2009 respondent moved (Dkt. No. 5) to dismiss the appeal for failure to prosecute, specifically for failure to file a brief in support of the appeal as required by Fed. R. Bankr. P. 8009(a).  On July 15, 2009, Ms. Wilkinson

filed a letter motion (Dkt. No. 8) seeking an extension of time to respond to the dismissal motion. On July 23, 2009, the Court issued a Memorandum-Decision and Order (Dkt. No. 9) denying Ms. Wilkinson's letter motion on the ground that an artificial entity such as the debtor cannot appear in district court *pro se* and may not be represented by a non-lawyer such as Ms. Wilkinson; thus, any submissions on behalf of the debtor in connection with the appeal must be made by counsel. The Court gave Ace Holding LLC a 30-day extension of time to appear by counsel and serve and file any further papers.

On July 30, 2009, respondent moved (Dkt. No. 10) to dismiss the appeal on the ground that Ms. Wilkinson was unable to prosecute the appeal on the debtor's behalf.  On August 21, 2009, Ms. Wilkinson filed a letter motion (Dkt. No. 12) requesting another 30-day extension of time for Ace Holding LLC to appear by counsel and serve and file papers.  On August 25, 2009, this Court issued a Memorandum-Decision and Order (Dkt. No. 14) denying the motion as not properly before the Court because not made by counsel; giving Ace Holding LLC an additional 20 days (that is, until September 14, 2009) to appear by counsel and serve and file any further papers; and advising that no further extensions would be granted.

In considering respondent's motions to dismiss for failure to prosecute, the Court observes that the failure to prosecute has caused significant delay.  The appeal was docketed April 1, 2009, almost six months ago.  Sixty days have passed since the Court's July 23, 2009 Memorandum-Decision and Order advising that the debtor must be represented by counsel, and giving it 30 days to do so.  Twenty-seven days have passed since the Court's August 25, 2009 Memorandum-Decision and Order giving debtor another 20 days to appear by counsel and serve and file papers. No counsel has appeared on behalf of the debtor, and it has filed no papers. The Court has given

two extensions of time and both times gave clear notice that if the debtor did not appear, the Court would proceed to decide the dismissal motions. In addition, allowing the present situation to continue is unfair to respondent. The debtor's failure to obtain counsel and proceed with the appeal stymies respondent by preventing it from enforcing Judge Littlefield's order and at the same time preventing it from obtaining a disposition of the appeal.

The Court has taken into consideration the debtor's right to its day in court. This right must, however, be balanced against the substantial burdens that *pro se* representation imposes on the Court and, in many cases, the other party. Ms. Wilkinson, having chosen to accept the advantages of doing business as an artificial entity, must bear the burdens associated therewith, including the requirement that the entity appear by counsel. Without counsel the debtor can not proceed. There is no appropriate sanction other than dismissal.

It is therefore

ORDERED that respondent's motions (Dkt. Nos. 5, 10) are granted; and it is further

ORDERED that the appeal is dismissed.

IT IS SO ORDERED.

September 21, 2009
Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge